## No. 7137.

ALFRED H. HOPKINS ET AL. VS. THE SUCCESSION OF MRS. MATHILDE DAUNOY.

The purchaser at a tax sale, which is decreed null and void, is entitled to recover from the owner of the property such portion of the price of adjudication as went to the payment of taxes, but not the amount of the costs, penalties and interest. 33 An. 521.

APPEAL from the Fourth District Court for the parish of Orleans. *Houston, J.*

Plaintiffs and Appellees unrepresented.

*Thos. J. Semmes* for Defendant and Appellant:

Price paid by purchaser at a tax sale, and applied to payment of taxes, may be recovered by the purchaser from the owner, even though the sale be invalid, and even though the assessment be irregular. There is a natural obligation to pay taxes for the support of the government, and, besides, our laws provide for supplemental assessments. 8 La. 502; 2 R. 225; 16 An. 132; 12 An. 535; 29 An. 416; 32 An. 228, 1136 and 1292; 30 An. 310 and 1232; 15 An. 90; 12 An. 34; 25 An. 457; 5 N. S. 592.

Property assessed as "Hopkins Plantation," on Gentilly Road, in Eighth Representative District, composed of squares, the numbers of which are given, and also the number of arpents on both sides of Gentilly Road, the owner being dead and his heirs numerous, is properly assessed under Act No. 114 of 1869, and Act No. 42 of 1871: 26 Pa. 432; 24 Id. 337; 49 Id. 440; 18 Md. 1; 23 Calif. 287; 29 Id. 326.

The opinion of the Court was delivered by

Todd, J. Mrs. Mathilde Daunoy, on the 3d of April, 1875, purchased at tax sale the property described in the petition.

The plaintiffs sue to annul the sale and recover the property. The defendant admitted the nullity of the tax sale, but claimed in reconvention the reimbursement to him of $2049 85, the price paid at the sale, which had been applied to the payment of taxes on the property, costs, penalties and the expenses of the sale. The sale was annulled, and the demand in reconvention rejected; and from this judgment the defendant has appealed.

From this statement it will appear that the only question for decision is, whether the reconventional demand was properly rejected.

Though the nullity of the tax sale was admitted by the defendant, it is not pretended that the property in question was exempt from taxation, or that it was not properly subject to the taxes charged against it. The sale was annulled because of defects or irregularities in the assessments, and the proceedings taken to sell the property. The payment made by the purchaser, at the sale, relieved the property of a charge to which it was legally subject. It inured directly to the plaintiffs' benefit, for it saved them from the payment of a like amount to the State—at least to the extent of the principal of the taxes. Under the laws then existing, though the assessments were illegal, the property could have been re-assessed, and the taxes collected under such re-assessment. Sec. 28, Act of 1871, p. 113 ; Act 1869, p. 153 ; Stafford vs. Twitchell, 33 An. 521.

In the case last mentioned, Stafford vs. Twitchell, we recognized the justice of such a claim, and required the amount paid by the purchaser at a tax sale—which was pronounced a nullity—and applied to the taxes on the property at the time of sale, to be reimbursed to such purchaser.

The principle on which the claim rests is plainly embraced in the equitable maxim, that " no one should be permitted to enrich himself at the expense of another," and is clearly sanctioned by the Code, Art. 1965.

This right to be reimbursed cannot, however, be extended to the costs and penalties paid. They grew out of, and resulted from the illegal tax proceedings, and present no legal or equitable claim for payment. The interest, too, must be disallowed. The admission of the nullity of the sale covers the want of a legal demand or notice to pay the taxes; and there was no legal assessment.

It is, therefore, ordered, adjudged and decreed that the judgment of the lower court, so far as it decrees the nullity of the tax sale, be affirmed; and so far as it rejects the demand in reconvention, it is annulled, avoided and reversed; and it is now ordered, adjudged and decreed that the defendant, the Succession of Mathilde Daunoy, deceased, recover of the plaintiffs the sum of one thousand and eighty dollars, with legal interest from the 6th of May, 1876,—one-seventh of said sum and interest to be paid by each of the following named plaintiffs, to wit: Alfred H. Hopkins, Octave Hopkins, Hugh D. Hopkins, Evelyn Hopkins, widow of O. Byrd, Delphine Hopkins, wife of Edmond Durel, one-seventh jointly by the children of Henry Hopkins, deceased, as named in the petition and answer, and one-seventh jointly by the children of James Hopkins, also named in the petition and answer. The costs of the appeal to be paid by the appellees, as also the costs accruing in the lower court from the reconventional demand, the remaining costs of that court to be paid by defendant.

ON APPLICATION FOR REHEARING.

Todd, J. A re-examination of the record satisfies us that an error was made in our former decree as to the amount of the principal of the taxes paid by the purchaser, Mrs. Daunoy, at the sale of the property. The amount was $1183 55, instead of $1080, stated in our former decree. This must be corrected.

It is, therefore, ordered, adjudged and decreed that our former decree be corrected and amended by condemning the plaintiffs to pay to the succession of Mrs. Mathilde Daunoy eleven hundred and eighty-three and fifty-five one hundredths dollars, with interest at the rate. and from time mentioned in said decree, to be paid in the proportions stated therein by the several plaintiffs, and as thus amended and corrected our former decree is reaffirmed.